## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **LESIA REDMAN**,      )<br>)<br>   **Plaintiff,**    )<br>)<br>**v.**    )<br>)<br>**KFC, INC., and fictitious Defendants A**  )<br>**through F, being those persons or entities**  )<br>**who may be legally responsible for the**  )<br>**claims set forth herein and who may be**  )<br>**added by amendment by Plaintiff when their** )<br>**identities are ascertained by further**  )<br>**discovery and who are parties to the action**  )<br>**described herein or are otherwise obligated**  )<br>**to perform duties and obligations described**  )<br>**herein.,**  )<br>)<br>   **Defendants.**  )  | **Civil Action No.**<br>**2:08-cv-00065-MEF** |

### DEFENDANT KFC U.S. PROPERTIES, INC.'s
### ANSWER TO COMPLAINT

Defendant KFC U.S. Properties, Inc. ("KFC"), individually and on behalf of improperly named defendant KFC, Inc., hereby answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against KFC for which relief can be granted.

### SECOND DEFENSE

The Claims in the Complaint against KFC were not brought within the time limits prescribed by applicable law.

### THIRD DEFENSE

To the numbered paragraphs of the Complaint, KFC states:

**Statement of the Parties**

1.    KFC is without sufficient information to admit or deny the allegations of this paragraph and, therefore, must deny the same and demand strict proof thereof.

2.    Denied and strict proof thereof is demanded.  Further responding, KFC states that KFC, Inc. is not an existing legal entity capable of being sued.

3.    No response is required to the allegations of this paragraph.

4.    Denied and strict proof thereof is demanded.

**COUNT I**
(NEGLIGENCE)

5.    KFC re-alleges its answers to paragraphs 1-4.

6.    KFC is without sufficient information to admit or deny the allegations of this paragraph and, therefore, must deny the same and demand strict proof thereof. Further answering, KFC denies that it negligently, recklessly, wantonly and/or willfully committed any act complained of.

7.    Denied and strict proof thereof is demanded.

8.    Denied and strict proof thereof is demanded.

**COUNT II**
(GROSS NEGLIGENCE/WANTONNESS)

9.    Defendant re-alleges its answers to paragraphs 1-4.

10.    KFC is without sufficient information to admit or deny the allegations of this paragraph and, therefore, must deny the same and demand strict proof thereof. Further answering, defendant denies that it negligently, recklessly, wantonly and/or willfully committed any act complained of.

11.    Denied and strict proof thereof is demanded.

189887.1                                                                                                    2

12.    Denied and strict proof thereof is demanded.

## FOURTH DEFENSE

As to the unnumbered paragraphs that begin with "WHEREFORE", and all subparts thereof, KFC denies that the Plaintiff is due a judgment against KFC and denies that the Plaintiff is entitled to recover damages of any type or nature, however denominated, from KFC.

## FIFTH DEFENSE

Any allegations of the Complaint, as amended, not specifically admitted are denied and strict proof thereof is demanded.

## SIXTH DEFENSE

KFC denies that it breached any duty to the Plaintiff.

## SEVENTH DEFENSE

KFC denies that it consciously or deliberately ignored, disregarded and/or breached any duty allegedly owed to the Plaintiff.

## EIGHTH DEFENSE

KFC denies that any act or omission by it proximately caused the injuries complained of.

## NINTH DEFENSE

KFC states that the Plaintiff's alleged injuries, and the manner by which she claims to have been injured, were unforeseeable as a matter of law.

## TENTH DEFENSE

KFC pleads that any condition which allegedly caused Plaintiff to be injured was open and obvious and should or could have been avoided by the Plaintiff in the exercise of due care.

## ELEVENTH DEFENSE

The Plaintiff's injuries and damages were caused by the acts and/or omissions of persons and entities over whom KFC had no right of control.

## TWELFTH DEFENSE

The Plaintiff should not recover as she committed acts of contributory negligence.

## THIRTEENTH DEFENSE

The Plaintiff should not recover as she assumed the risk of injury and/or committed acts that fulfill the requirements of the legal doctrine *volenti non fit injuria*.

## FOURTEENTH DEFENSE

To the extent the Plaintiff demands punitive damages from KFC, KFC asserts:

(a)     KFC has not engaged in any conduct with reference to the applicable state or federal law, if any, sufficient to allow for imposition of punitive damages in any amount against it.

(b)     KFC pleads all substantive and procedural limitations imposed on any award of punitive damages under the United States Constitution and the law of the United States and under the laws and Constitution of the State of Alabama.

(c)     Plaintiff's claims for punitive damages cannot be sustained because of an award of punitive damages by a trier of fact that: (1) is not provided sufficient standard for determining the appropriateness, or the appropriate size, of a punitive damage award;

(2) is not instructed on the limits on punitive damages imposed by the applicable principals of deterrent and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including the corporate status and/or wealth of a defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and/or arbitrary as to damages permissible; and (5) is not subject to judicial review on the basis of objective standards that would violate KFC's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment of the United States Constitution, as incorporated into the Fourteenth Amendment, and by Alabama constitutional and statutory provisions providing for due process, equal protection, and guarantee against double jeopardy.

(d)    Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages for the purpose of compensating Plaintiff for elements of damages or for purposes not otherwise recognized by law would violate KFC's due process rights guaranteed by the Constitutions of the United States and the State of Alabama.

(e)    Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages without proof of every element beyond a reasonable doubt would violate KFC's due process rights under the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution.

(f)     Plaintiff's claims for punitive damages cannot be sustained because any award of punitive damages exceeding the limits authorized by state and federal criminal statutes would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment of the United States Constitution and the Eighth Amendment to the United States Constitution as incorporated by the Fourteenth Amendment and the Alabama constitutional and statutory provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

(g)     An award of punitive damages based on anything other than KFC's alleged conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment to the United States Constitution as incorporated into the Fourteenth Amendment and the Alabama constitutional and statutory provisions providing for due process and guarantee against double jeopardy, because any other judgments for punitive damages cannot protect KFC against impermissible, multiple punishments for the same wrong.

(h)     The punitive damage system, on its face, and as applied, violates the due process clause of the Fourteenth Amendment to the United States Constitution.  Even with the "protections" supposedly available under the so called "Hammond/Green Oil" procedure and those found elsewhere, the system continues to afford triers of fact standardless discretion to impose punishment, and post-verdict review is neither meaningful nor constitutionally adequate to cure this crucial constitutional defect.

(i)   The punitive damage system, on its face, and as applied, violates the due process clause of the Fourteenth Amendment to the United States Constitution because there are inadequate standards for determining the amount of the award.

(j)   The imposition of punitive damages against KFC in the absence of explicit, particularized guidelines or standards is highly unfair because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational.  A punitive damage award in the absence of such guidelines or standards may bear no rational or reasonable relationship to KFC's alleged conduct in this matter or to any alleged harm to Plaintiff and may dwarf legislatively established fines for comparable conduct.  A punitive damage award in the absence of such guidelines or standards therefore violates the due process clause of the Fourteenth Amendment to the United States Constitution and the excessive fines clause of the Constitutions of the United States and Alabama.

## FIFTEENTH DEFENSE

To the extent the Plaintiff claims she is entitled to mental anguish damages, KFC states:

(a) The procedure by which damages for mental anguish damages are awarded to Plaintiff violates the due process rights secured to KFC by the laws and constitutions of the United States and the State of Alabama in that these procedures deprive KFC of property without due process of law by failing to provide the trier of fact with adequate standards or guidelines by which to render such an award.

(b)   The procedure by which damages for mental anguish are awarded to Plaintiff violates the due process rights secured to KFC by the laws and constitutions of

the United States and the State of Alabama in that these procedures deprive KFC of property without due process of law by allowing the tier of fact unbridled discretion to determine the amount of the award and thereby render such an award in an arbitrary and capricious manner.

(c)     The procedure by which damages for mental anguish are awarded to Plaintiff violates the rights secured to KFC by the laws and constitutions of the United States and the State of Alabama by depriving KFC of property without due process of law because no reasonable  standard or guideline is given to the trier of fact to ensure that the award is reasonable and, further, there is no meaningful standard for judicial review of any award for mental anguish damages post verdict to ensure that such award does not exceed constitutional and/or statutory limitations.

(d)     The procedure by which damages for mental anguish are awarded to Plaintiff violates the rights secured to KFC by the laws and constitutions of the United States and the State of Alabama by depriving KFC of property without due process of law in that no reasonable criteria, guideline, or standard is provided to the trier of fact in order that the trier of fact may determine for the evidence what quality or quantity of evidence is necessary to justify and/or support and award of damages for mental anguish.

(e)     KFC will be deprived of its rights secured by the laws and constitutions of the United States and the State of Alabama as an award for mental anguish damages in this matter is unconstitutional.

(f)     The procedure by which damages for mental anguish are awarded to Plaintiff violates the rights secured to KFC by the laws and constitutions of the United States and the State of Alabama by depriving KFC of property without due process of

law by not providing an objective standard by which the trier of fact may measure an award or an objective standard by which such an award may be reviewed to determine if such an award is reasonable, just, proper and/or warranted.

(g)    The procedure by which damages for mental anguish are awarded to Plaintiff violates the rights secured to KFC by the laws and constitutions of the United States and the State of Alabama by depriving KFC of property without due process of law by allowing triers of fact to return awards of compensatory damages, including a mental anguish component, which are speculative, based on conjecture, and/or without substantial evidence to support the same.

(h)    The process by which triers of fact are allowed to award damages for mental anguish violates the elementary notions of fairness dictated by the laws and Constitutions of the United States and the State of Alabama in that it does not provide KFC with fair notice of what conduct will subject a defendant to liability, nor the severity of the damages that may be imposed; therefore KFC is deprived of property without due process of law in contravention of the rights secured to it by the Fourteenth Amendment to the Constitution of the United States of America, as well as other federal and state laws.

(i)    The process by which triers of fact are allowed to award damages for mental anguish violates the due process rights secured to KFC by the laws and Constitutions of the United States and the State of Alabama in that this process deprives KFC of property without due process of law by failing to give KFC notice of the range of damages which might be returned because triers of fact are given unbridled discretion to

determine the amount of the award and thereby render such an award in an arbitrary and capricious manner.

(j).    The process by which triers of fact are allowed to award damages for mental anguish violates the elementary notions of fairness dictated by the laws and Constitutions of the United States and the State of Alabama in that it does not provide KFC with fair notice of the amount of the award which may be returned by the trier of fact, and there is no guarantee that any mental anguish award will be reasonably related to other awards in similar circumstances.

(k)    KFC is deprived of its property without due process of law in contravention of the rights secured to it by the Fourteenth Amendment to the Constitution of the United States of America, as well as other federal and state laws in that KFC is not provided with adequate notice of the extent of damages which may be awarded for mental anguish because triers of fact are returning mental anguish damages awards which are in violation of the laws and Constitutions of the United States of America and the State of Alabama.

## SIXTEENTH DEFENSE

KFC reserves the right to amend and/or supplement its answer as additional defenses and/or facts giving rise to additional defenses become known to it.

Respectfully submitted this 19th day of February, 2008.


/s/ John G. Smith
S. Allen Baker, Jr.
Bar Number:  ASB-5990-E68S
Attorneys for Defendant, KFC, INC.
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5880
E-mail: abaker@balch.com

John G. Smith
Bar Number:  ASB-8146-T68J
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
E-mail:  jgsmith@balch.com

189887.1                                                                  11

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court

using the CM/ECF system and service will be perfected upon any CM/ECF participants

electronically and I have mailed by United States Postal Service a copy of the foregoing

document to any non-CM/ECF participants this the 19th day of February, 2008:

    Clifton F. Hastings
    Cervera, Ralph & Reeves, LLC
    Post Office Box 325
    Troy, Alabama 36081


        Respectfully submitted,


        /s/ John G. Smith
        S. Allen Baker, Jr.
        Bar Number:  ASB-5990-E68S
        Attorney for Defendant, KFC, INC.
        BALCH & BINGHAM LLP
        Post Office Box 306
        Birmingham, AL 35201-0306
        Telephone: (205) 251-8100
        Facsimile: (205) 488-5880
        E-mail: abaker@balch.com

        John G. Smith
        Bar Number:  ASB-8146-T68J
        BALCH & BINGHAM LLP
        Post Office Box 78
        Montgomery, AL 36101-0078
        Telephone: (334) 834-6500
        Facsimile: (334) 269-3115
        E-mail:  jgsmith@balch.com