IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LESIA REDMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:08-cv-00065-MEF |
| KFC, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to the Fed. R. Civ. P. 26(f), a meeting was held on March 20, 2008, via telephone, and was attended by:

(a) Clifton F. Hastings, Attorney for Plaintiff.

(b) John G. Smith, Attorney for Defendants KFC U.S. Properties, Inc. and JRN, Inc., individually and on behalf of the improperly named Defendant KFC, Inc.

The parties do not request a conference with the Court before entry of the scheduling order.

1.   (a) Plaintiffs brief narrative statement of the facts and the causes of action: Plaintiff was injured on the Defendants property which was in the exclusive control of the Defendants. Plaintiff was attempting to use the commode in the Defendant's restroom when the commode seat instantaneously became unattached from the commode causing Plaintiff to fall to the floor injuring the Plaintiff. After the fall, the Plaintiff discovered there were no bolts attaching the commode seat to the commode. The commode was in defective condition and said condition was unknown to Plaintiff. Defendants are in business serving the public at large and owe a great degree of care to their patrons to maintain their property in safe condition. Plaintiff's injuries would not have occurred but for the negligence/grossly negligent conduct of the Defendants. Plaintiff's injuries were clearly proximately caused by the Defendants. Plaintiff has incurred medical expenses and will continue to incur lost income as a result of Defendants' wrongdoing.

190677.3                                              1

(b) <u>Defendants' brief narrative statement of the facts and defenses, including affirmative defenses</u>: Defendants KFC U.S. Properties, Inc. and JRN, Inc., individually and on behalf of the improperly named Defendant KFC, Inc. generally deny that they or any of their agents, servants or employees either committed or omitted any acts or breached any duties allegedly owed to the Plaintiffs that would give rise to liability for the causes of action complained of herein. Defendant JRN, Inc. is not a proper defendant in this action as at the time of the events complained of, it had no interest in the KFC restraint located at 1965 Coliseum Boulevard, Montgomery, Alabama where the matters described in the complaint are alleged to have occurred. The Defendants further state that the Plaintiff was not injured, or was not injured to the extent alleged, by any act or omission of the named Defendants. The Plaintiff's injuries, if they exist, were the result of her own contributory negligence or assumption of the risk. Defendants generally deny the allegations of the complaint as described more specifically in their answer to the complaint.

2. <u>Trial</u>. This non-jury matter should be ready for trial by February 2009. Trial is expected to last no more than three days.

3. <u>Pretrial Conference</u>. The parties request a pretrial conference on or after January 2009.

4. <u>Discovery Plan</u>:

   (A) Plaintiff will need discovery on the following:

   – All matters relating to defenses claimed by the Defendants in pleadings.

   – All expert testimony claimed by Plaintiff in support of injury and damage claims.

   – All testimony necessary for proof of damages.

   – All expert defense testimony claimed by Defendants.

   – Name of operator of the KFC manager or franchisee / lessee.

   – Name of entity or individual maintaining the KFC.

   – All matters relating to the maintenance and repair of the women's restroom.

   – All matters regarding the construction of the women's restroom if Defendants claim other parties are responsible.

   – All witnesses Defendants intend to use in defense of its' claims.

    (B)    Defendants will need discovery on the following:

- All matters related to the Plaintiff and the incident described in the complaint

- All matters related to the allegations and claims stated in the complaint.

- All matters related to the injuries and damages claimed by Plaintiff and her physical condition both prior and subsequent to the matters described in the complaint.

- Any and all medical treatment received by Plaintiff.

- Any and all medical bills incurred by Plaintiff as a result of any injuries described in the complaint and/or payments made by any insurer or others on Plaintiff's behalf.

- All expert testimony identified by the Plaintiff.

- All matters related to the defenses asserted by Defendants.

5.    Discovery. All discovery will be commenced in time to be completed by December 31, 2008.

6.    Initial Disclosures. The parties will exchange within twenty-one (21) days after the date of this report the information required by Fed. R. Civ. P. 26(a)(1).

7.    Additional Parties/Amend Pleadings. The parties request until June 1, 2008 to join additional parties and amend the pleadings.

8.    Expert Reports. Reports from retained experts under Rule 26(a)(2) due:

    (a)    from Plaintiff by July 1, 2008; and

    (b)    from Defendants by August 1, 2008.

9.    Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due on or before December 15, 2008.

10.    Discovery Limits.

- Maximum of 40 interrogatories by each party to any other party. Responses due 30 days after service.

- Maximum of 4 depositions by Plaintiff, including a 30(b)(6) representative deposition per defendant and a maximum of 8 non-party (i.e. of witnesses not employed by or affiliated with a party) depositions.

Each Defendant is limited to 8 depositions. Each deposition is limited to maximum of 8 hours unless extended by agreement of parties.

— Maximum of 40 requests for admission by each party to any other party. Responses due 30 days after service.

— Maximum of 40 (total) requests for production of documents by each party to any other party. Responses due 30 days after service.

11. <u>Dispositive Motions</u>. All potentially dispositive motions filed by November 30, 2008.

12. <u>Settlement</u>. Settlement cannot be evaluated at this time and may be enhanced by use of mediation.

13. <u>Other Matters</u>: The Plaintiff reserves the right to amend the Complaint, as necessary, to add additional parties defendant after discovery interrogatory answers have revealed any and all possible parties in interest that have yet to be named.

Dated this 3rd day of April, 2008.

/s/ Clifton F. Hastings
Clifton F. Hastings (HAS014
F.P. Ralph (RAL002)
Attorneys for the Plaintiff
CERVERA, RALPH & REEVES, LLC
914 South Brundidge Street
P.O. Box 325
Troy, Alabama 36081
Telephone: (334)566-0116
E-mail: chastings@troycable.net

/s/ John G. Smith
S. Allen Baker, Jr.
Bar Number: ASB-5990-E68S
Attorneys for Defendants
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5880
E-mail: abaker@balch.com

190677.3                                 4

John G. Smith
Bar Number: ASB-8146-T68J
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
E-mail: jgsmith@balch.com